IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEFFREY WORTHY, Reg. No.: 56901-004,      )
KEVIN WILLIAMS, Reg. No.: 95400-020,      )
TYJUAN WATERS, Reg. No.: 68346-066        )
DONALD L. UBELE, Reg. No.: 12210-021,     )
RICHARD TURNBO, Reg. No.: 31864-380,      )
JAMES B. TILSON, Reg. No.: 14182-074,     )
DAVID TAYLOR, Reg. No.: 54549-019,        )
QUENTEN T. SIMS, Reg. No.: 42898-083,     )
DAVID SALAS, Reg. No.: 63811-019,         )
GUSTAVO SABINO, Reg. No.: 59683-308,      )
DE'ANDRE ROBERTSON, Reg. No.:21813-045,  )
BRENT REED, Reg. No.: 49354-018,          )
PABLO QUINCASA, Reg. No.: 54781-177,      )
WILLIAM PAVA, Reg. No.:59205-019          )
DWIGHT OWENS, Reg. No.:60985-019,         )
CARLOS ORTIZ, Reg. No.: 43658-007,        )
MARQUISE MURPHY, Reg. No.: 64529-019,     )
CHRISTIAN L. MOORE, Reg. No.: 58390-018   )
ANDREW MOORE, Reg. No.: 51274-019,        )
EMMANUEL MENDOZA, Reg. No.: 22698-078,   )
FA'RD RASUL N. JONES, Reg. No.: 65360-050, )
JEFFERY S. JOHNSON, Reg. No.: 35681-066,  )
MARVIN ISAAC, Reg. No.: 32075-177,        )
ALONZO HOUSTON, Reg. No.: 14598-001,      )
BOBBY E. HAZEL, Reg. No.: 41097-133,      )
OTTO HARRIS, Reg. No.: 30640-068,         )
JOSE GUERRERO, Reg. No.: 10879-033,       )
ABIZAHI R. GUARDUNO, Reg. No.: 26772-171, )
PAVIS L. GRAY, Reg. No.: 26771-018,       )
CHARLES GLOVER, Reg. No.: 96094-020,      )
DAVID GARCIA FRANDO Reg. No.: 45965-069, )
TAVAREZ E. FELTON, Reg. No.: 62600-018,   )
HORACE L. DUNLAP, Reg. No.: 13403-075,    )
JEFFERY D. DUNAWAY, Reg. No.: 34838-001,  )
CHARLES DOBBINS, Reg. No.: 31296-009,     )
ARLANDUS DICKERSON, Reg. No.: 69839-019, )
KAREEM A. CUSICK, Reg. No.: 55259-018,    )
JESUS CORRALEZ FOZ, Reg. No.: 88366-008,  )
RAYMOND COLLINS, Reg. No.: 71190-158,     )
TERRANCE L. COLE, Reg. No.: 04483-748,    )
JAMES COLE, Reg. No.: 41167-066,          )

CIVIL ACTION
FILE NUMBER:

1

EVANDA BUXTON, Reg. No.: 60647-019,               )
CEPEDA BROUGHTON, Reg. No.: 85513-020,            )
COURTNEY BLANKENSHIP, R. No: 25576-017,           )
JOSE BEIZA MONTEZ, Reg. No.: 21434-081,           )
DAVID ARANDA, Reg. No.: 75369-275,                )
JOHN E. ADAMS, Reg. No.: 00874-123,               )
JAMAL ABU SAMAK, Reg. No.:  21826-034, and
GERALD CUMMINGS Reg. No.: 86697-020,              )
                                                  )
                Plaintiffs,                       )
vs.                                               )
                                                  )
                                                  )
THE UNITED STATES OF AMERICA,                     )
MICHAEL CARVAJAL, Director of the Federal         )
Bureau of Prisons, WILLIAM WOODS, Warden,         )
DARRIN J. HARMON, Correctional Institution        )
Administrator, WILLIAM MACKELBURG,                )
Associate Warden,  D. MCQUEEN Safety Dept.        )
Manager, A. ANTOINE, Safety Dept Staff            )
_. JACKSON, Safety Dept. Staff, J. MOORE          )
Facilities Manager, L. POTNIER, Foreman           )
Facilities Dept., T. BALLINGER, Health Services   )
Administrator, D. Martin, MD, Clinical Director,  )
J. WINSTON, MD, Health Services Med. Doctor,      )
I. ADENIYA, RN, Asst. Health Services Admin.,     )
S. MOORE, FNP, Nurse Practitioner,                )
S. COLEMAN, ARNP, Nurse Practitioner,             )
I. QADRI, PA-C, Certified Physician,              )
_. CROSS-LEE, RN, Registered Nurse,               )
J. BULLOCK, Medical Assistant, T. GADDIS,         )
Medical Assistant, T. ADEGBOLA, Health            )
Info. Tech., J. GREEN-HARRIS, Registered          )
Health Info. Administrator, D. BAYSOTE,           )
Public Info. Officer, K. HOLLY, Correction        )
Officer, K BENSON-CONNER, A-Unit Mgr.,            )
G. WIDMER, D-Unit Correction Counselor,           )
S. LOVING, A-Unit Correction Counselor,           )
S. LIKES, A-Unit Correction Counselor,            )
C. VASQUES B-Unit Correction Counselor,           )
G. CORNEJO B-Unit Correction Counselor,           )
M. DAWSON, A-Unit Correction Counselor,           )
P. HARDIN, A-Unit Manager, _. JENKINS,            )
Medical Assistant,                                )
                                                  )
                Defendants.                       )
_____ )

2

**Action Against the United States of America under the Federal Tort Claims Act And for Injunctive and Other Relief Against State-Actor Defendants**

Plaintiffs and present and former inmates of the Federal Bureau of Prisons, Atlanta Division, JEFFREY WORTHY, Reg. No.: 56901-004, KEVIN WILLIAMS, Reg. No.: 95400-020, TYJUAN WATERS, Reg. No.: 68346-066 DONALD L. UBELE, Reg. No.: 12210-021, RICHARD TURNBO, Reg. No.: 31864-380, JAMES B. TILSON, Reg. No.: 14182-074, DAVID TAYLOR, Reg. No.: 54549-019, QUENTEN T. SIMS, Reg. No.: 42898-083, DAVID SALAS, Reg. No.: 63811-019, GUSTAVO SABINO, Reg. No.: 59683-308, DE'ANDRE ROBERTSON, Reg. No.:21813-045, BRENT REED, Reg. No.: 49354-018, PABLO QUINCASA, Reg. No.: 54781-177, WILLIAM PAVA, Reg. No.:59205-019, DWIGHT OWENS, Reg. No.:60985-019, CARLOS ORTIZ, Reg. No.: 43658-007, MARQUISE MURPHY, Reg. No.: 64529-019, CHRISTIAN L. MOORE, Reg. No.: 58390-018, ANDREW MOORE, Reg. No.: 51274-019, EMMANUEL MENDOZA, Reg. No.: 22698-078, FA'RD RASUL N. JONES, Reg. No.: 65360-050, JEFFERY S. JOHNSON, Reg. No.: 35681-066,MARVIN ISAAC, Reg. No.: 32075-177, ALONZO HOUSTON, Reg. No.: 14598-001, BOBBY E. HAZEL, Reg. No.: 41097-133, OTTO HARRIS, Reg. No.: 30640-068, JOSE GUERRERO, Reg. No.: 10879-033, ABIZAHI R. GUARDUNO, Reg. No.: 26772-171, PAVIS L. GRAY, Reg. No.: 26771-018, CHARLES GLOVER, Reg. No.: 96094-020, DAVID GARCIA FRANDO Reg. No.: 45965-069, TAVAREZ E. FELTON, Reg. No.: 62600-018, HORACE L. DUNLAP, Reg. No.: 13403-075, JEFFERY D. DUNAWAY, Reg. No.: 34838-001, CHARLES DOBBINS, Reg. No.: 31296-009, ARLANDUS DICKERSON, Reg. No.: 69839-019, KAREEM A. CUSICK, Reg. No.: 55259-018, JESUS CORRALEZ FOZ, Reg. No.: 88366-008, RAYMOND COLLINS, Reg. No.: 71190-158, TERRANCE L. COLE, Reg. No.: 04483-748, JAMES COLE, Reg. No.: 41167-066, EVANDA BUXTON, Reg. No.: 60647-019, CEPEDA BROUGHTON, Reg. No.: 85513-020, COURTNEY BLANKENSHIP, R. No: 25576-017, JOSE BEIZA MONTEZ, Reg. No.: 21434-081, DAVID ARANDA, Reg. No.: 75369-275, JOHN E. ADAMS, Reg. No.: 00874-123, JAMAL ABU SAMAK, Reg. No.: 21826-034, and GERALD CUMMINGS Reg. No.: 86697-020, {hereinafter collectively referred to as "ATLANTA PARTIES"}, now file their Complaint and show this Honorable Court as follows:

3

## PARTIES

1.

Plaintiffs ATLANTA PARTIES are present and former inmates of the Atlanta Division, Bureau of Prisons, located and situated at 601 McDonough Boulevard SE, Atlanta Georgia 30315.

2.

The United States of America is the sole defendant in relation to claims arising in this action under the **Federal Tort Claims Act**.

3.

Defendants DARRIN J. HARMON, Correctional Institution, Administrator, WILLIAM MACKELBURG, Associate Warden, D. MCQUEEN Safety Dept., Manager, A. ANTOINE, Safety Dept Staff, _. JACKSON, Safety Dept. Staff, J. MOORE, Facilities Manager, L. POTNIER, Foreman Facilities Dept., T. BALLINGER, Health Services Administrator, D. Martin, MD, Clinical Director, J. WINSTON, MD, Health Services Med. Doctor, I. ADENIYA, RN, Asst. Health Services Admin., S. MOORE, FNP, Nurse Practitioner, S. COLEMAN, ARNP, Nurse Practitioner, I. QADRI, PA-C, Certified Physician, _. CROSS-LEE, RN, Registered Nurse, J. BULLOCK, Medical Assistant, T. GADDIS, Medical Assistant, T. ADEGBOLA, Health Info. Tech., J. GREEN-HARRIS, Registered Health Info. Administrator, D. BAYSOTE, Public Info. Officer, K. HOLLY, Correction Officer, K BENSON-CONNER, A-Unit Mgr., G. WIDMER, D-Unit Correction Counselor, S. LOVING, A-Unit Correction Counselor, S. LIKES, A-Unit Correction Counselor, C. VASQUES B-Unit Correction Counselor, G. CORNEJO B-Unit Correction Counselor, M. DAWSON, A-Unit Correction Counselor, P. HARDIN, A-Unit Manager, _. JENKINS, Medical Assistant, and others who are as yet unidentified, {hereinafter collectively referred to as "PRISON STAFF"}, are defendants who at all relevant times were acting under the color of law and are "law enforcement officials as described in **18 U.S.C. § 3050**, many of whom reside in the County of Fulton, State of Georgia. At all relevant times, the PRISON STAFF defendants were acting under the course of their employment with the Bureau of Prisons, Atlanta Division, located and situated at 601 McDonough Boulevard SE, Atlanta Georgia 30315.

4

4.

Defendant MICHAEL CARVAJAL, is the Director of the Federal Bureau of Prisons, and defendant WILLIAM WOODS, is the Warden, at the Atlanta Division, Bureau of Prisons, located and situated at 601 McDonough Boulevard SE, Atlanta Georgia 30315. Plaintiffs are informed and believe that complete injunctive relief requires each of them to be named as defendants in this present action.

## JURISDICTION AND VENUE

5.

A part and portion of this action is brought pursuant to the **Federal Tort Claims Act** (FTCA), **28 U.S.C. §§ 1346(b), 2671 et seq**., against the United States of America, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the United States District Court. Venue is proper in the Northern District of Georgia pursuant to **28 U.S.C. §§ 1391(b)(1) and/or 1391(b)(2)**, as well as **28 U.S.C. § 1391(e)(1)**, and **28 U.S.C. § 1402(b)** since the United States of America is a defendant and certain ATLANTA PARTIES plaintiffs and certain PRISON STAFF reside in the County of Fulton, State of Georgia. Moreover, the acts and actions complained of, occurred within the venue of this District Court's judicial district.

6.

A part and portion of this action is brought pursuant to **Bivens vs. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971)**. This District Court has jurisdiction over this action pursuant to **28 U.S.C. § 1331**. This action is also jurisdictionally permitted pursuant to **Title 33 United States Code § 1365**.

7.

Jurisdiction over plaintiffs' declaratory relief claims is set forth under **28 U.S.C. § 2201**. Jurisdiction for plaintiffs' injunctive relief claims falls under **28 U.S.C. §§ 2283 and 2284**, and **Federal Rules of Civil Procedure, Rule 65**.

## EXHAUSTION OF LEGAL REMEDIES

8.

Plaintiffs ATLANTA PARTIES have timely exhausted all administrative remedies with all relevant defendants, and those claims have been denied by operation of law or otherwise. Irrespective of all else, all time limits and/or deadlines relevant to plaintiffs have

been tolled, waived or rendered inapplicable, and are unenforceable against plaintiffs. The application of prisoner and inmate access to the courts of the United States of America, as applied by the United States of America, in this instance are unconstitutional and result in plaintiffs being deprived of their rights to (1) access of the courts of the United States, (2) due process and (3) other constitutional rights.

## STATEMENT OF FACTS

9.

At all times herein mentioned the PRISON STAFF defendants, and each of them, jointly and severally, were vested and engaged in a special relationship with each every and all of the ATLANTA PARTIES, who were inmates and prisoners incarcerated in the Atlanta Division, Bureau of Prisons, located and situated at 601 McDonough Boulevard SE, Atlanta Georgia 30315, {hereinafter "PRISON"}. The duty owed to the ATLANTA PARTIES plaintiffs by the PRISON STAFF defendants included, and was not limited to, a duty to keep plaintiffs safe and protect them from the very harm and injuries hereinafter alleged.

10.

On, before and after, September, 2018, defendants PRISON STAFF, were aware, knew and understood that all water used at the PRISON for drinking, cooking, cleaning and washing and other things, of every nature and kind, was adulterated, polluted, contaminated, in that the water contained a certain poison and toxic substance commonly known as arsenic. At all times prior to, and before February 1, 2019, defendants PRISON STAFF, in breach of their known duties, deliberately, intentionally and willfully battered plaintiffs and each of them, by providing them drinking water known to contain the arsenic poison. The acts of the PRISON STAFF were actions and conduct that constituted a deliberate indifference to a prison condition that exposed prisoners to an unreasonable risk of serious harm.

11.

On, or about February 1, 2019, the PRISON STAFF finally confessed, admitted, and informed the ATLANTA PARTIES of their indecorous, intentional conduct, that had been perpetrated on, and against, the ATLANTA PARTIES, including, but not limited to the battery of each, and all, of the ATLANTA PARTIES by causing these inmates and prisoners to drink, ingest and consume poisoned and dangerously contaminated water. At all relevant times, the PRISON STAFF knew of the substantial risk of serious harm that would occur to the

6

ATLANTA PARTIES, and the PRISON STAFF, jointly and severally, had been instructed not to drink the arsenic tainted water, and/or refused and would not drink, ingest or consume the poisoned water.

12.

At no time did the PRISON STAFF attempt to reasonably protect any of the ATLANTA PARTIES, or warn them of the contaminated, polluted and poisoned condition of the water. In fact, the PRISON STAFF were the perpetrators of the harm caused to the ATLANTA PARTIES, since they knew of the poisonous and toxic nature of the water, and deliberately, willfully and intentionally provided the water to the ATLANTA PARTIES, for all purposes, including the drinking, ingesting and consumption of the arsenic tainted brew. Prior to February, 2019, the ATLANTA PARTIES had no knowledge that they were being poisoned or being caused and/or intentionally permitted to consume and ingest arsenic tainted water.

13.

The conduct perpetrated by the PRISON STAFF defendants, among other violations herein alleged constituted violations of the federal **Safe Drinking Water Act {SDWA}** and **Clean Water Act {CWA}**, all of which are permissibly prosecuted against the United States and all other defendants under **Title 33 United States Code § 1365**. On, or about February 1, 2019, defendants and each of them, in a belated attempt to curtail, reduce and decease the systematic and continuous poisoning of the ATLANTA PARTIES, with the arsenic adulterated water, commenced the dispensing of bottled water to the inmates and prisoners incarcerated at the PRISON. For a period of approximately two [2] days the dispensing of the bottled water, for personal consumption and ingestion, met the Institute of Medicine minimum standards for the amount adult males should consume, to wit, one hundred one [101] ounces. Thereafter, the amount of bottle water was rationed, providing approximately, eighty-five [85] ounces of water, far less than what an adult male should consume.

14.

At all relevant times the ATLANTA PARTIES sought testing and medical treatment for the arsenic poisoning suffered by them as a result of the conduct of the PRISON STAFF as herein alleged. In the endeavor, attempt and effort to conceal, cloak and hide the injuries and damages suffered by the ATLANTA PARTIES, and to mask and avoid the fact that the PRISON STAFF had intentionally poisoned the inmate population of the PRISON, including

7

but not limited to, the ATLANTA PARTIES, the defendant medical professional members included in the PRISON STAFF, at the instruction, direction and insistence of the defendant warden, assistant warden and other prison administrators' deliberately and intentionally failed and refused to perform any testing and medical treatment for the arsenic poisoning suffered by the PRISON inmates, and deliberately and intentionally failed and refused to document, record or otherwise verify that such requests were made by, each and all of the ATLANTA PARTIES.

15.

On or about March 8, 2019, the PRISON STAFF, removed from the PRISON all bottled water, and issued a directive that irresponsibly stated, "drinking water was safe to drink, by both inmates and staff." On or about March 12, 2019, all bottled water issued to PRISON inmates was confiscated by the PRISON STAFF, and the ATLANTA PARTIES were directed to drink the contaminated and poisoned water. At no time, did the PRISON STAFF make or take any real, actual or effective steps to ensure that the water intended for the consumption and ingestion of the prison inmates was safe to drink and was not contaminated with arsenic or other toxic substances. At no time did the PRISON STAFF or any other person or entity attempt to determine the source, location or origin of the arsenic that was contaminating the drinking water of the PRISON. At no time did the PRISON STAFF make safe the dangerous condition that caused the arsenic pollution of the water. If anything was done at all, the PRISON STAFF defendants performed or caused to be performed sporadic, inconsistent, incompetent and ineffective analysis of the PRISON water, with the intent to feign and pretend that the PRISON water was safe and not contaminated. At all times, the PRISON STAFF knew or should have known that the PRISON water was contaminated, continued to be contaminated, and was incapable of being determined to be safe as a result of the methods and procedures performed by the PRISON STAFF or others under their direction and control.

16.

The PRISON STAFF, including and especially the warden, assistant warden and administrators undertook to campaign, and took other steps, to chill, discourage, dispirit and deter the ATLANTA PARTIES and others to present, proffer and otherwise tender over to the administrative authorities of the PRISON, any claim, complaint or other writing seeking redress and remedy for their being subjected to arsenic poisoning, and the deliberate and

intentional failure of the medical staff of the PRISON to address their medical needs in relation to the arsenic poisoning. The acts and actions of the PRISON STAFF were intended to destroy, eliminate and prevent the ATLANTA PARTIES from producing, securing or being able to show the injuries and damages suffered by them.

17.

At all relevant times the medical personnel of the PRISON, including, but not limited to those named as PRISON STAFF, acted with extreme deliberate indifference to the serious medical needs of plaintiffs when they openly, deliberately and intentionally refused to provide plaintiffs with requested arsenic testing, with medical treatment for the injuries suffered as a result of the arsenic poisoning, and the deliberate destruction an d/or failure to document the requests made by the ATLANTA PARTIES for testing and treatment of arsenic related poisoning.

## COUNT I
## BATTERY
### Against Defendant United States of America {FTCA}

18.

Plaintiffs ATLANTA PARTIES incorporate by reference Paragraphs 1 through 17, inclusive, above, as part of this Count I.

19.

Defendants and each of them, physically battered each and every ATLANTA PARTIES plaintiffs by deliberately, intentionally and willfully, causing each and all of the ATLANTA PARTIES to consume, ingest and otherwise drink water known by defendants to contain arsenic poison. These acts of the PRISON STAFF defendants were actions and conduct that constituted willful, wanton and reckless actions, that defendants knew would cause, and had the potential to cause plaintiffs severe and extreme injury or death. Defendants exhibited a deliberate indifference that exposed all prisoners and inmates of the PRISON, including, but not limited to the ATLANTA PARTIES, to an unreasonable risk of serious harm, or death.

20.

The PRISON STAFF defendants, and each of them, were under a duty to protect the ATLANTA PARTY plaintiffs from the type of harm and injury alleged herein. Defendants and each of them, were possessed of and owed to plaintiff, a further and other higher duty, in

9

that defendants and each of them, were, and are, PRISON employees burdened with further and higher duty to keep plaintiffs safe and protect them from the very harm and injuries hereinafter alleged, in that each and all plaintiffs in this action are inmates and prisoners.

21.

By reason of the wrongful, intentional and malicious acts of defendants the ATLANTA PARTIES have suffered extreme and severe mental anguish and physical pain and have been injured in their minds and bodies by the defendants and each of them, all to the damage of plaintiffs according to proof at time of trial.

## COUNT II
## NEGLIGENCE [PREMISES LIABILITY]
### Against Defendant United States of America {FTCA}

22.

Plaintiffs ATLANTA PARTIES incorporate by reference Paragraphs 1 through 17, inclusive, above, as part of this Count II.

23.

On before and at all times after September, 2018, including the present, and at all times unknown to plaintiffs, defendants and each of them, knew or should have known that a certain part and portion of the PRISON facility, constituted a dangerous condition of the premises. The water contained, kept, used and utilized on the PRISON premises was contaminated and tainted with certain poisons and toxins, including, but not limited to arsenic.

24.

The PRISON STAFF defendants in violation of federal and Georgia state statutes, failed to inspect, repair, replace make safe or otherwise maintain the water and water supply of the PRISON. The PRISON STAFF further failed to warn plaintiffs of the dangerous condition of the toxic and poison water and water facility on the PRISON premises.

25.

Defendants and each of them were at all relevant times completely aware of the dangerous condition of the water and the water facility, and deliberately and intentionally exposed plaintiffs to the dangerous water and water facility conditions.

26.

10

As a result of defendants' failure to make safe the PRISON premises  and/or warn plaintiffs of the dangerous condition, plaintiffs suffered damages and injury according to proof at time of trial.

## COUNT III

### NEGLIGENCE [GENERAL]

**Against Defendant United States of America {FTCA}**

27.

Plaintiffs ATLANTA PARTIES incorporate by reference Paragraphs 1 through 17, inclusive, above, as part of this Count III.

28.

Defendants and each of them, had a special relationship with plaintiffs, and were under a mandatory duty to protect plaintiffs from the type of harm and injury alleged herein. Defendants and each of them, were, and are under a particular duty to plaintiffs to perform, execute and accomplish their duties in a safe and reasonable manner. Defendants and each of them, negligently failed to protect plaintiffs or to take any precautionary steps to prevent harm to plaintiffs as herein alleged.

29.

By reason of the wrongful and negligent acts of defendants and each of them, plaintiffs have suffered extreme and severe mental anguish and physical pain and have been injured in their minds and bodies by defendants and each of them, all to the damage of plaintiffs according to proof at time of trial.

## COUNT IV

### BIVENS ACTION [FAILURE TO PROTECT/EXCESSIVE FORCE/BRUTALITY]

**Cruel and Unusual Punishment, Eighth Amendment**

**Against PRISON STAFF Defendants and**

**Defendants MICHAEL CARVAJAL, WILLIAM WOODS**

30.

Plaintiffs ATLANTA PARTIES incorporate by reference Paragraphs 1 through 17, inclusive, above, as part of this Count IV.

11

31.

The actions of the PRISON STAFF defendants were performed and perpetrated by them under color of law, and under the scope of their employment as employees of the United States of America. At all times, the acts and actions of the PRISON STAFF defendants, including the causing of plaintiffs to consume and ingest arsenic poisoned water, resulted in the deprivation of rights, privileges, and/or immunities secured by the Constitution of the United States and its laws, and resulted in the perpetration of cruel and unusual punishment. Defendants PRISON STAFF'S deliberate and intentional activities resulting in the ATLANTA PARTIES plaintiffs unknowingly drinking tainted and toxic water constituted excessive force, extreme brutality, the failure to protect plaintiffs, and the willful, wanton and reckless disregard for the safety and well being of the PRISON inmates.

32.

By reason of the violation of their constitutional rights, plaintiffs have suffered extreme and severe mental anguish and physical pain and have been injured in their minds and bodies by defendants and each of them, all to the damage of plaintiffs according to proof at time of trial. The acts and actions of the PRISON STAFF, among other things, constituted cruel and unusual punishment in violation of the **Eighth Amendment** to the **Constitution of the United States of America**.

33.

The PRISON STAFF'S acting under the color of law, were willful, wanton, malicious and oppressive and justify the award of exemplary and punitive damages to plaintiffs in an amount according to proof at time of trial.

34.

Plaintiffs also has no adequate remedy at law for the injuries which they will suffer and continue to suffer at the hands of the PRISON STAFF defendants, and each of them, if their conduct, including the requiring and compelling plaintiffs to consume and ingest water that is, continues to be, and/or in the future will again be contaminated, tainted and poisoned, is not enjoined and restrained.

35.

Plaintiffs further seeks a declaration by this court of plaintiffs' rights and duties, including that the acts of defendants PRISON STAFF were unconstitutional and resulted in the

12

ATLANTA PARTIES being subjected to cruel and unusual punishment, as prescribed under the **Eighth Amendment** of the **Constitution of the United States of America**.

## COUNT V

### BIVENS ACTION [DENY/REFUSE MEDICAL TREATMENT]

### Cruel and Unusual Punishment, Eighth Amendment

**Against PRISON STAFF Defendants and**

**Defendants MICHAEL CARVAJAL, WILLIAM WOODS**

36.

Plaintiffs ATLANTA PARTIES incorporate by reference Paragraphs 1 through 17, inclusive, above, as part of this Count V.

37.

As hereinbefore alleged, the medical PRISON STAFF defendants acted with extreme deliberate indifference to the serious medical needs of plaintiffs when they openly, deliberately and intentionally failed and refused to provide plaintiffs with requested arsenic testing, and with sought after medical treatment for the injuries suffered by plaintiffs as a result of the arsenic poisoning. The warden, assistant warden and other prison administrators' defendants instructed, directed and insisted that the PRISON medical staff and personnel, automatically, categorically and discriminately, refuse and deny the medical treatment and testing of each and all of the ATLANTA PARTIES plaintiffs.

38.

At all relevant times the medical personnel of the PRISON, including, but not limited to, the PRISON STAFF, as instructed and directed, wholly refused to test, diagnose, treat or take any action to heal, cure and/or remedy the injuries suffered by the ATLANTA PARTIES as a result of the arsenic poisoning. The PRISON STAFF, went further in their deplorable and indecorous conduct, by deliberately and intentionally failing and refusing to document, record or otherwise verify that any arsenic related requests for testing, treatment and/or diagnosis were made by each, and all, of the ATLANTA PARTIES.

39.

The actions of the PRISON STAFF as herein alleged exhibited a complete and utter indifference to the medical needs and necessaries of the ATLANTA PARTIES, and constituted

cruel and unusual punishment in violation of the **Eighth Amendment** to the **Constitution of the United States of America**.

40.

By reason of the violation of his constitutional rights, plaintiffs have suffered extreme and severe mental anguish and physical pain and have been injured in their minds and bodies by defendants and each of them, all to the damage of plaintiffs according to proof at time of trial.

41.

The PRISON STAFF'S acting under the color of law, were willful, wanton, malicious and oppressive and justify the award of exemplary and punitive damages to plaintiffs in an amount according to proof at time of trial.

42.

Plaintiffs also has no adequate remedy at law for the injuries which they will suffer and continue to suffer at the hands of the PRISON STAFF defendants, and each of them, since the denial of arsenic testing and the treatment of any arsenic-related injuries will not be treated, diagnosed, recorded and/or documented.

43.

Plaintiffs further seeks a declaration by this court of plaintiffs' rights and duties, including that the acts of defendants PRISON STAFF were unconstitutional and resulted in the ATLANTA PARTIES being subjected to cruel and unusual punishment, as prescribed under the **Eighth Amendment** of the **Constitution of the United States of America**.

**WHEREFORE**, Plaintiffs and present and former inmates of the Federal Bureau of Prisons, Atlanta Division, JEFFREY WORTHY, Reg. No.: 56901-004, KEVIN WILLIAMS, Reg. No.: 95400-020, TYJUAN WATERS, Reg. No.: 68346-066 DONALD L. UBELE, Reg. No.: 12210-021, RICHARD TURNBO, Reg. No.: 31864-380, JAMES B. TILSON, Reg. No.: 14182-074, DAVID TAYLOR, Reg. No.: 54549-019, QUENTEN T. SIMS, Reg. No.: 42898-083, DAVID SALAS, Reg. No.: 63811-019, GUSTAVO SABINO, Reg. No.: 59683-308, DE'ANDRE ROBERTSON, Reg. No.:21813-045, BRENT REED, Reg. No.: 49354-018, PABLO QUINCASA, Reg. No.: 54781-177, WILLIAM PAVA, Reg. No.:59205-019, DWIGHT OWENS, Reg. No.:60985-019, CARLOS ORTIZ, Reg. No.: 43658-007, MARQUISE MURPHY, Reg. No.: 64529-019, CHRISTIAN L. MOORE, Reg. No.: 58390-

14

018, ANDREW MOORE, Reg. No.: 51274-019, EMMANUEL MENDOZA, Reg. No.: 22698-078, FA'RD RASUL N. JONES, Reg. No.: 65360-050,    JEFFERY S. JOHNSON, Reg. No.: 35681-066,MARVIN ISAAC, Reg. No.: 32075-177, ALONZO HOUSTON, Reg. No.: 14598-001, BOBBY E. HAZEL, Reg. No.: 41097-133, OTTO HARRIS, Reg. No.: 30640-068, JOSE GUERRERO, Reg. No.: 10879-033,  ABIZAHI R. GUARDUNO, Reg. No.: 26772-171, PAVIS L. GRAY, Reg. No.: 26771-018, CHARLES GLOVER, Reg. No.: 96094-020, DAVID GARCIA FRANDO Reg. No.: 45965-069, TAVAREZ E. FELTON, Reg. No.: 62600-018, HORACE L. DUNLAP, Reg. No.: 13403-075, JEFFERY D. DUNAWAY, Reg. No.: 34838-001, CHARLES DOBBINS, Reg. No.: 31296-009, ARLANDUS DICKERSON, Reg. No.: 69839-019, KAREEM A. CUSICK, Reg. No.: 55259-018,    JESUS CORRALEZ FOZ, Reg. No.: 88366-008, RAYMOND COLLINS, Reg. No.: 71190-158, TERRANCE L. COLE, Reg. No.: 04483-748, JAMES COLE, Reg. No.: 41167-066, EVANDA BUXTON, Reg. No.: 60647-019, CEPEDA BROUGHTON, Reg. No.: 85513-020, COURTNEY BLANKENSHIP, R. No: 25576-017, JOSE BEIZA MONTEZ, Reg. No.: 21434-081, DAVID ARANDA, Reg. No.: 75369-275, JOHN E. ADAMS, Reg. No.: 00874-123, JAMAL ABU SAMAK, Reg. No.: 21826-034, and GERALD CUMMINGS Reg. No.: 86697-020, pray as follows:

FIRST, SECOND, AND THIRD, COUNTS against defendant UNITED STATES OF AMERICA:

1. For general damages in an amount according to proof at time of trial;
2. For special damages in an amount according to proof at time of trial;
3. For interest according to law;
4. For costs of suit herein incurred;
5. For such further and other relief as the court may deem just and proper.

FOURTH COUNT against defendants DARRIN J. HARMON, Correctional Institution, Administrator, WILLIAM MACKELBURG, Associate Warden,  D. MCQUEEN Safety Dept., Manager, A. ANTOINE, Safety Dept Staff, _. JACKSON, Safety Dept. Staff, J. MOORE, Facilities Manager, L. POTNIER, Foreman Facilities Dept., T. BALLINGER, Health Services Administrator, D. Martin, MD, Clinical Director, J. WINSTON, MD, Health Services Med. Doctor, I. ADENIYA, RN, Asst. Health Services Admin., S. MOORE, FNP, Nurse

15

Practitioner, S. COLEMAN, ARNP, Nurse Practitioner, I. QADRI, PA-C, Certified Physician, _. CROSS-LEE, RN, Registered Nurse, J. BULLOCK, Medical Assistant, T. GADDIS, Medical Assistant, T. ADEGBOLA, Health Info. Tech., J. GREEN-HARRIS, Registered Health Info. Administrator, D. BAYSOTE, Public Info. Officer, K. HOLLY, Correction Officer, K BENSON-CONNER, A-Unit Mgr., G. WIDMER, D-Unit Correction Counselor, S. LOVING, A-Unit Correction Counselor,    S. LIKES, A-Unit Correction Counselor, C. VASQUES B-Unit Correction Counselor,   G. CORNEJO B-Unit Correction Counselor, M. DAWSON, A-Unit Correction Counselor,   P. HARDIN, A-Unit Manager, _. JENKINS, Medical Assistant, and others who are as yet unidentified, {hereinafter collectively referred to as "PRISON STAFF"},

And Defendant MICHAEL CARVAJAL, is the Director of the Federal    Bureau of Prisons, and defendant WILLIAM WOODS, is the Warden, at  the Atlanta Division, Bureau of Prisons, included with PRISON STAFF in relation to INJUNCTIVE RELIEF, only.

1.    For a DECLARATION that:

A. The water provided and supplied to the ATLANTA PARTIES at the Atlanta Division, Bureau of Prisons, located and situated at 601 McDonough Boulevard SE, Atlanta Georgia 30315, {hereinafter "PRISON"}, between September 2018, and February 1, 2019 was contaminated, tainted and adulterated with a certain poison and toxic substance commonly known as arsenic, and was known and/or believed by the PRISON STAFF to be contaminated, tainted, and adulterated with a certain poison and toxic substance commonly known as arsenic.

B. The water provided and supplied to the ATLANTA PARTIES at the PRISON, between February 1, 2019, to the present was contaminated, tainted, and adulterated with a certain poison and toxic substance commonly known as arsenic, and was known and/or believed by the PRISON STAFF to be contaminated, tainted and adulterated with a certain poison and toxic substance commonly known as arsenic.

C. The PRISON STAFF, knew that, between September 2018, and February 1, 2019, the water supplied to and  ingested, consumed, and drank by the ATLANTA PARTIES at the PRISON was contaminated, tainted, and

16

adulterated with a certain poison and toxic substance commonly known as arsenic.

D. The PRISON STAFF, knew, should have known and failed to take any reasonable steps to determine that, between February 1, 2019 and the present, the water that was supplied to, and  ingested, consumed, and drank by the ATLANTA PARTIES was contaminated, tainted, and adulterated with a certain poison and toxic substance commonly known as arsenic.

E. That irrespective of the knowledge that the water that was supplied and used for ingesting, consumption, and drinking by the ATLANTA PARTIES was contaminated, tainted, and adulterated with a certain poison and toxic substance commonly known as arsenic, the PRISON STAFF, gave, provided and delivered over to the ATLANTA PARTIES, the contaminated, tainted, and adulterated water.

F. At all times, from September, 2018, to the present the water that was supplied and used for ingesting, consumption, and drinking by the ATLANTA PARTIES by the PRISON STAFF, constituted violations of the federal **Safe Drinking Water Act {SDWA}**.

G. At all times, from September, 2018, to the present the water that was supplied and used for ingesting, consumption, and drinking by the ATLANTA PARTIES by the PRISON STAFF, constituted violations of the federal **Clean Water Act {CWA}**.

H. At no time between September, 2018, through the present did the PRISON STAFF warn the ATLANTA PARTIES about the dangerous nature and condition of the water at the PRISON.

I. At no time between September, 2018, through the present did the PRISON STAFF make safe, or protect the ATLANTA PARTIES from the harm that was, and could be caused by the ingestion, consumption and drinking of the water at the PRISON.

J. At no time has the PRISON STAFF performed reasonable and sufficient testing of the water supplied at the PRISON, to reasonably determine that the

17

water is safe for the ATLANTA PARTIES to drink, and the water is not contaminated, tainted and/or poisoned by arsenic or other poisonous substances.

K. At no time has the PRISON STAFF put in place any water filtration or screening system that would capture or otherwise prevent the exposure of the ATLANTA PARTIES to PRISON water that was contaminated, tainted, and adulterated.

L. The PRISON STAFF, at all times, were in a special relationship with the ATLANTA PARTIES, who are inmates and prisoners within the federal Bureau of Prisons, which mandated and required the PRISON STAFF to keep plaintiffs safe and to protect them from harm, including protecting them from harm resulting from their being poisoned by the PRISON water supply.

M. The PRISON STAFF violated and breached their duty to keep plaintiffs safe and to protect them, when, they intentionally and deliberately supplied plaintiffs with the arsenic poisoned PRISON water.

N. The PRISON STAFF violated and breached and continue to violate and breach their duty to keep plaintiffs safe and to protect them, by the continued and chronic failure to reasonably and adequately test the PRISON water for contaminants and poisons, including, arsenic, and the further failure to put in place any water filtration or screening system that would capture or otherwise prevent the exposure of the ATLANTA PARTIES to the contaminated, tainted, and adulterated prison water.

O. The actions and conduct of the PRISON STAFF in supplying the arsenic poisoned water to the ATLANTA PARTIES and the PRISON STAFFS' failure to protect and make safe the ATLANTA PARTIES constituted a deliberate indifference to prison conditions that exposed prisoners to an unreasonable risk of serious harm.

P. The  actions and conduct of the PRISON STAFF, especially the causing of the ATLANTA PARTIES plaintiffs to consume and ingest arsenic poisoned water, resulted in the deprivation of rights, privileges, and/or immunities secured by the Constitution of the United States and its laws, and resulted in the

18

perpetration of cruel and unusual punishment, prohibited and proscribed under the **Eighth Amendment** to the **Constitution of the United States of America**.

2.      For preliminary and permanent injunctions restraining defendants PRISON STAFF, defendant MICHAEL CARVAJAL, Director of the Federal Bureau of Prisons and defendant WILLIAM WOODS, Warden, at the Atlanta Division, Bureau of Prisons and others acting in concert with them, from, supplying PRISON water, and forcing, directly or indirectly, prisoners and inmates including the ATLANTA PARTIES, to use PRISON water supplied from any state or federal water source through the pipes and taps, that has not been filtered, and screened through a water filtration system that removes, eliminates and extracts poisons and contaminants, especially, arsenic, from the PRISON WATER.

3.      For preliminary and permanent injunctions compelling and requiring defendants PRISON STAFF, defendant MICHAEL CARVAJAL, Director of the Federal Bureau of Prisons and defendant WILLIAM WOODS, Warden, at the Atlanta Division, Bureau of Prisons and others acting in concert with them, to construct, assemble and/or install a water filtration system that removes, eliminates, and extracts poisons and contaminants, especially, arsenic, from the PRISON WATER.

4.      For general damages in an amount according to proof;

5.      For medical and other incidental expenses in an amount according to proof;

6.      For all other special damages according to proof;

7.      For compensatory damages in an amount according to proof;

8.      For interest on all sums due and owing as prescribed by statute;

9.      For punitive and exemplary damages against the PRISON STAFF defendants, only;

10.     For costs of suit herein incurred and attorney's fees according to statute or other law;

11.     For such further and other relief as the court may deem just and proper.

FIFTH COUNT against defendants DARRIN J. HARMON, Correctional Institution, Administrator, WILLIAM MACKELBURG, Associate Warden, D. MCQUEEN Safety Dept., Manager, A. ANTOINE, Safety Dept Staff, _. JACKSON, Safety Dept. Staff, J. MOORE, Facilities Manager, L. POTNIER, Foreman Facilities Dept., T. BALLINGER, Health Services Administrator, D. Martin, MD, Clinical Director, J. WINSTON, MD, Health Services Med. Doctor, I. ADENIYA, RN, Asst. Health Services Admin., S. MOORE, FNP, Nurse

19

Practitioner, S. COLEMAN, ARNP, Nurse Practitioner, I. QADRI, PA-C, Certified Physician, _. CROSS-LEE, RN, Registered Nurse, J. BULLOCK, Medical Assistant, T. GADDIS, Medical Assistant, T. ADEGBOLA, Health Info. Tech., J. GREEN-HARRIS, Registered Health Info. Administrator, D. BAYSOTE, Public Info. Officer, K. HOLLY, Correction Officer, K BENSON-CONNER, A-Unit Mgr., G. WIDMER, D-Unit Correction Counselor, S. LOVING, A-Unit Correction Counselor,    S. LIKES, A-Unit Correction Counselor, C. VASQUES B-Unit Correction Counselor,    G. CORNEJO B-Unit Correction Counselor, M. DAWSON, A-Unit Correction Counselor,    P. HARDIN, A-Unit Manager, _. JENKINS, Medical Assistant, and others who are as yet unidentified, {hereinafter collectively referred to as "PRISON STAFF"},

And Defendant MICHAEL CARVAJAL, is the Director of the Federal    Bureau of Prisons, and defendant WILLIAM WOODS, is the Warden, at the Atlanta Division, Bureau of Prisons, included with PRISON STAFF in relation to INJUNCTIVE RELIEF, only.

1.    For a DECLARATION that:

A. The water provided and supplied to the ATLANTA PARTIES at the Atlanta Division, Bureau of Prisons, located and situated at 601 McDonough Boulevard SE, Atlanta Georgia 30315, {hereinafter "PRISON"}, between September 2018, and February 1, 2019 was contaminated, tainted and adulterated with a certain poison and toxic substance commonly known as arsenic, and was known and/or believed by the PRISON STAFF to be contaminated, tainted, and adulterated with a certain poison and toxic substance commonly known as arsenic.

B. The water provided and supplied to the ATLANTA PARTIES at the PRISON, between February 1, 2019, to the present was contaminated, tainted, and adulterated with a certain poison and toxic substance commonly known as arsenic, and was known and/or believed by the PRISON STAFF to be contaminated, tainted and adulterated with a certain poison and toxic substance commonly known as arsenic.

C. The PRISON STAFF, knew that, between September 2018, and February 1, 2019, the water supplied to and   ingested, consumed, and drank by the ATLANTA PARTIES at the PRISON was contaminated, tainted, and

20

adulterated with a certain poison and toxic substance commonly known as arsenic.

D. The ATLANTA PARTIES sought testing and medical treatment for the arsenic poisoning suffered by them from the medical staff and practitioners at the PRISON, including the medical PRISON STAFF.

E. Defendant medical professional members including the PRISON STAFF, at the instruction, direction and insistence of the defendant warden, assistant warden and other prison administrators' deliberately and intentionally failed and refused to perform any arsenic poison testing on any of the ATLANTA PARTIES.

F. Defendant medical professional members including the PRISON STAFF, at the instruction, direction and insistence of the defendant warden, assistant warden and other prison administrators' deliberately and intentionally failed and refused to perform any medical treatment for the arsenic poisoning suffered by the ATLANTA PARTIES.

G. Defendant medical professional members including the PRISON STAFF, at the instruction, direction and insistence of the defendant warden, assistant warden and other prison administrators' deliberately and intentionally failed and refused to document, record or otherwise verify that requests for treatment of arsenic was made by each, and all, of the ATLANTA PARTIES.

H. The actions of the defendant medical professional members including the PRISON STAFF'S, deliberate and intentional failure and refusal to document, record or otherwise verify the requests for treatment of the arsenic poisoning of the ATLANTA PARTIES, was done with the deliberate intent and purpose of destroying, eliminating and preventing the ATLANTA PARTIES from producing, securing and otherwise being capable of acquiring evidence showing the injuries and damages suffered by them as a result of the arsenic poisoning.

I. The actions of the defendant medical professional members including the PRISON STAFF'S, deliberate and intentional failure and refusal to document, record or otherwise verify the requests for treatment of the arsenic poisoning of the ATLANTA PARTIES, was done with the deliberate intent and purpose of

21

destroying, eliminating and preventing the ATLANTA PARTIES from producing, securing and otherwise being capable of acquiring evidence showing that the PRISON medical staff, including the PRISON STAFF had acted with extreme, deliberate indifference to the serious medical needs of the ATLANTA PARTIES.

J. The actions of the defendant medical professional members including the PRISON STAFF, in deliberately and intentionally failing and refusing to, (1) test the ATLANTA PARTIES for arsenic poisoning, and (2) treat the ATLANTA PARTIES for arsenic poisoning constituted a deliberate indifference to the serious medical needs of the ATLANTA PARTIES.

2.    For preliminary and permanent injunctions compelling and requiring defendants PRISON STAFF, defendant MICHAEL CARVAJAL, Director of the Federal Bureau of Prisons and defendant WILLIAM WOODS, Warden, at  the Atlanta Division, Bureau of Prisons and others acting in concert with them, to test the ATLANTA PARTIES, on at least a monthly basis for potential arsenic or other poisoning, resulting from the PRISON water, unless, and until, a water filtration and screening system is installed and/or constructed at the PRISON that removes, eliminates and  extracts poisons and contaminants, especially, arsenic, from the PRISON water.

3.    For preliminary and permanent injunctions compelling and requiring defendants PRISON STAFF, defendant MICHAEL CARVAJAL, Director of the Federal Bureau of Prisons and defendant WILLIAM WOODS, Warden, at  the Atlanta Division, Bureau of Prisons and others acting in concert with them, to treat  the ATLANTA PARTIES, for any still existing, or subsequent exposure to arsenic or other poisoning, resulting from the PRISON water.

4.    For general damages in an amount according to proof;

5.    For medical and other incidental expenses in an amount according to proof;

6.    For all other special damages according to proof;

7.    For compensatory damages in an amount according to proof;

8.    For interest on all sums due and owing as prescribed by statute;

9.    For punitive and exemplary damages against the PRISON STAFF defendants, only;

10.    For costs of suit herein incurred and attorney's fees according to statute or other law;

22

11.   For such further and other relief as the court may deem just and proper.

This 12th Day of March, 2021.

James Freeman
Georgia Bar Number 940424
Attorney for the Plaintiffs

3867 Holcomb Bridge Road
Suite 500
Peachtree Corners GA 30092
770/368-0054
770/368-0972(f)
james.freeman@lawmanpc.com

23